| | | |
|---|---|---|
| **LIONEL JONES AND WILLIE WILSON** | * | **NO. 2018-CA-0552** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | | |
| | * | **FOURTH CIRCUIT** |
| **MARYLAND CASUALTY COMPANY, ZURICH AMERICAN INSURANCE COMPANY, POWELL'S CABLE COMPANY AND KARREN A. JONES** | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |
| | ******* | |

CONSOLIDATED WITH:

COURTNEY GILLARD

VERSUS

FRANK POWELL, JR., POWELL CABLE SERVICE, LLC, CABLE MAN, INC., JOHN DOE AND JEFFERSON PARISH TRANSIT

CONSOLIDATED WITH:

TERRY R. WHITE

VERSUS

POWELL CABLE SERVICE, LLC, KAREN A. JONES, MARYLAND CASUALTY COMPANY, LIONEL JONES, JEFFERSON PARISH TRANSIT AND/OR VEOLIA TRANSPORTATION SERVICES INC., AND OLD REPUBLIC

CONSOLIDATED WITH:

EVERETT HARRIS

VERSUS

MARYLAND CASUALTY COMPANY, POWELL'S CABLE SERVICE, LLC, KAREN A. JONES, AND COX COMMUNICATIONS LOUISIANA, LLC

CONSOLIDATED WITH:

NO. 2018-CA-0553

CONSOLIDATED WITH:

NO. 2018-CA-0554

CONSOLIDATED WITH:

NO. 2018-CA-0555

*RML*

**LEDET, J., CONCURS WITH REASONS**

Although I agree with the result the majority reaches, I write separately to address the trial court's examination of Frank Powell—owner of Powell's Cable Service, LLC—regarding whether the defendant, Karren Jones, was in the course and scope of her employment on the date of the accident. Had this been a jury trial, I would find the trial court's question—which elicited a legal conclusion on

an ultimate issue of liability from an unrepresented lay witness—would have resulted in reversible error. As the majority observes, the potential danger of the trial court's question was lessened because this was a bench trial and, thus, there was no jury to confuse or mislead. Moreover, by its failure to lodge a contemporaneous objection to the trial court's question, Powell's Cable failed to preserve the issue for review. *See Alexander v. La. State Bd. of Private Investigator Examiners,* 15-0537, p. 40 (La. App. 4 Cir. 2/17/17), 211 So.3d 544, 569 (holding that a party failed to preserve its right to raise on appeal the trial court's *ex parte* communication with jury by failing to object at trial). For these reasons, I respectfully concur.